(35 Misc. Rep. 659.)

### HALLETT v. METROPOLITAN MESSENGER CO. et al.

(Supreme Court, Special Term, New York County. August, 1901.)

1. INSOLVENT CORPORATIONS—STOCKHOLDERS' LIABILITIES.

Laws 1892, c. 688, § 54, provides that for every debt of the corporation due laborers, servants, or employés, stockholders shall be liable, until the whole of the capital stock shall have been fully paid. *Held* not to make a stockholder of an insolvent corporation personally liable to its attorney for legal services.

2. SAME.

A stockholder, though he did not subscribe to the stock, and it was issued to him without full payment, cannot thereby escape the statutory liability to creditors imposed on stockholders to the amount of their stock where the capital has not been fully paid.

3. SAME—RIGHT TO ENFORCE.

The right of a corporation to recover of a stockholder the amount unpaid on his stock remains in the corporation, its receiver or general assignee, and cannot be exercised by a creditor.

4. SAME.

Where the capital stock of an insolvent corporation has not been fully paid, but there are solvent defendant stockholders sufficient to pay the debt of a creditor who sues for himself as well as others similarly situated, but no other creditors have made themselves parties, the court will impose the creditor's debt on the solvent defendant stockholders in proportion to the amounts of their stock, without impounding all possible assets of the corporation.

Suit by Frederick T. Hallett, suing for himself and other creditors, against the Metropolitan Messenger Company and others. Judgment for plaintiff.

Ira G. Darrin, for plaintiff.
David Thornton, for defendants Knight & Barnes.
Cameron & Hill, for defendants Blackburne and Bidstrup.
Howard A. Sperry, for defendants Lancaster and Hunter.
Percy L. Klock, for defendants Klock and Thompson.
Walter L. Bunnell, for defendant Schuhman.

RUSSELL, J. The Metropolitan Messenger Company is an insolvent corporation which made a general assignment for the benefit of creditors, the assignee being a party to this action. The plaintiff is a judgment creditor, with execution returned unsatisfied; his original claim being assigned to him by Ira G. Darrin, who performed services as counsel for the insolvent company. This action seeks to group together the liability claimed against various defendants for the balance of unpaid stock subscriptions, and for the statutory liability attaching against stockholders where the capital stock is not fully paid, and also an accounting against the assignee for the balance which should be in his hands. It would seem that the original claim of the assignor against the company was prima facie proven by the judgment, and is higher evidence of indebtedness than a promissory note issued by the company. But this holding is unnecessary, for the proof shows the original demand to be a just claim now merged in judgment.

Plaintiff cannot recover against the stockholders for their personal liability to laborers, servants, or employés other than con-

tractors. Bristor v. Smith, 158 N. Y. 157, 53 N. E. 42. He stands as an ordinary creditor, and his recourse against the stockholders, so far as the same is of a statutory character, must be under that part of section 54 of the stock corporation law (Laws 1892, c. 688) which provides for their liability to an amount equal to their stock, respectively, "for every debt of the corporation, until the whole amount of its capital stock issued and outstanding at the time such debt was incurred shall have been fully paid." Rev. St. (Banks' 9th Ed.) 1025.

The evidence shows that, on or about the 2d day of April, 1898, there was issued to the defendant Knight 30 shares of the stock, at the par value of $3,000, for which only $1,500 was paid. I cannot assent to the reasoning of the counsel for defendants that a corporation has the right to issue its stock for less than its face, or as a pure gift, at its pleasure, or that a person has a right to become a shareholder under such a transaction with the purpose or effect of avoiding the liability which the law imposes for the protection of creditors, dealing with the corporation on the assumption that its advertised capital is fully paid. Nor can I hold that the mere form of signing a subscription to the capital stock so changes the affair that a recognized obligation to the corporation for a percentage of the unpaid subscription determines the statutory liability of the stockholder, while by going through the other form of issuing the stock to him for nothing, without a subscription, the object of the statute would be defeated, and the stockholder exempt. It would be easy to avoid the beneficent purpose for which the liability of stockholders is created by law if such a mode as the latter could be used to evade liability. I therefore hold that as to two of the certificates, at least, issued to Knight, his stock was not fully paid.

Thirty of the shares issued to E. S. Barnes were only half paid for. Five shares were issued to T. C. Renwick, for which nothing was paid. The claim is made in reference to this Renwick stock that the corporation could not have recovered the amount thereof, because, although he became a shareholder willingly, he never agreed to pay for the stock issued to him. It is gravely urged that, unless a debt to the corporation itself is created, there is no foundation for the statutory liability, no matter how much the certified paid-up capital of the corporation may be. This argument fails to recognize the very purpose for which that liability was created, and the wide distinction between its origin and design and that of the obligation arising by contract upon a promise to pay for stock issued. The latter is a right vested in the corporation itself, and passes to its receiver, while the other never goes to the corporation, but springs up in its very inception to creditors of the corporation who have, otherwise than as creditors, no interest in its receipts. Farnsworth v. Wood, 91 N. Y. 308. Creditors may not recover the amount unpaid upon stock transferred gratuitously. Christensen v. Eno, 106 N. Y. 97, 12 N. E. 648, 60 Am. Rep. 429. The term "creditors" does not even include the directors of the corporation. McDowall v. Sheehan, 129 N. Y. 200, 29 N. E. 299. Thus, while it is now in this case held that the plaintiff has complied with the requirements

of law to give him the statutory remedy against the stockholders,
yet it is also decided that he cannot recover for any amount that
may be due upon unpaid stock issued, which claim belongs to the
corporation or its assignee. Glenn v. Garth, 133 N. Y. 18, 30 N.
E. 649, 31 N. E. 344. This ruling is, of course, subject to the
equitable power in necessary cases to reach all of the property of
the corporation, and which might be applied in this action if essen-
tial to full relief. There is no such necessity arising here. The
amount of stock held by solvent stockholders greatly exceeds the
claim of the plaintiff, which amounts only to the sum of $1,019.53,
with interest from September 12, 1899. What occasion is there,
therefore, for further relief to him? Presumably a litigation fur-
ther extended into the affairs of the corporation would be detrimen-
tal to his interest. The defendants are far more likely to pay his
comparatively small judgment than the united claims of all the cred-
itors, and the interdefense litigation would greatly embarrass the
smooth conduct of his own controversy. Nor, were he willing to
assent to judicial adjustment of the claims of all brought personally
within the jurisdiction of this action, could the court assent to such
a widening of its character. There being no necessity for the same,
the right to reach the controverted equities of the defendants as be-
tween themselves may not depend upon the volition of the plaintiff.
Otherwise a friendly creditor of a corporation who had perfected his
legal remedy might serve as a refuge to those who had been inert
or unable to place themselves in the state of legal requirement, so
that they, under cover of his just claim, upon the plea that equitable
jurisdiction is so broad that it may gather to itself all the remains
of a decaying corporation, reach favorable results which they could
not otherwise obtain. Although the court has called the attention
of the parties to the omission, but a single other creditor, so far
as appears by the pleadings, has obtained judgment and issued
execution, which is essential to recovery under the statutory lia-
bility clause. Glass Co. v. Vary, 152 N. Y. 121, 46 N. E. 312;
Hirshfeld v. Bopp, 145 N. Y. 85, 39 N. E. 817. No creditor has
obtained an order to join himself as coplaintiff under a plea that
he was similarly situated to the plaintiff. And, as has been before
indicated, none of the creditors are entitled to the amount due for
unpaid stock subscriptions, and therefore cannot court an investi-
gation into that subject. Nor does the joinder of the assignee for
the benefit of creditors, and the request to the relief of an account-
ing against him, extend the scope of this action beyond its neces-
sity. The plaintiff himself urges that the assignment was honest,
and presents no reason why the assignee should not proceed with
his trust duty, collect any unpaid subscriptions to stock due to him
for the corporation, and account to the usual tribunal. The pro-
visions of the Code of Civil Procedure do not require any action
beyond that essential to relieve the plaintiff. An action of this
character may be brought by creditors, or a separate action against
individual stockholders. Code Civ. Proc. §§ 1790, 1791. The court
must, only when it is necessary, cause an account to be taken of
the property and the debts, and apportion the defendants' liability;

but even then, when the corporation is insolvent, it may ascertain and determine the amount of each defendant's liability without an accounting.   Section 1792.

Judgment is therefore directed in favor of the plaintiff and against the defendants who are stockholders for the amount of the plaintiff's judgment and interest, with costs; but the judgment shall state the respective amounts of the liability of each such defendant, being the amount of stock held by him, with the costs against all, and execution shall provide for the cessation of its enforcement against each defendant on the payment by him of the amount of stock so held, or, in case his stock is greater in amount than the judgment and costs, upon the payment of such judgment and costs. Judgment accordingly.