(74 App. Div. 316.)

## THOMPSON v. KNIGHT.

(Supreme Court, Appellate Division, First Department. July 8, 1902.)

1. CORPORATIONS—STOCK—ISSUE FOR LESS THAN PAR—LIABILITY OF STOCKHOLDER.
    Under Laws 1892, c. 688, § 42, prohibiting a corporation from issuing stock for less than its par. value, a stockholder to whom stock was issued as full-paid stock, for an agreed price less than par, is not liable to the corporation for more than he agreed to pay.

2. SAME—RIGHTS OF ASSIGNEE FOR CREDITORS.
    Where a corporation issued stock as full paid for less than par, the liability to creditors of a holder of the capital stock which has not been

fully paid, imposed by Laws 1892, c. 688, § 54, does not give a right of action to an assignee for the benefit of the creditors of the corporation for the difference between the amount the holder agreed to pay and the par value of the stock; such right being personal to the creditors.

Appeal from trial term.

Action by Benjamin M. Thompson, as assignee for the benefit of creditors of the Metropolitan Messenger Company, against Philip M. Knight. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Ira G. Darrin, for appellant.

David Thornton, for respondent.

INGRAHAM, J. The plaintiff, as assignee for the benefit of creditors of the Metropolitan Messenger Company, sues to recover from the defendant the amount unpaid on certain stock of the plaintiff's assignor issued to the defendant, alleging that there is unpaid on said stock the sum of $2,800. The complaint alleges that the corporation issued to the defendant in April and May, 1898, 60 shares of stock, of the par value of $6,000, and in consideration therefor paid to the company the sum of $3,200; that the said defendant has never paid any further or other sum in consideration of the issue to him of the said certificates of stock; and that by reason thereof the defendant is indebted "to the said company, for the benefit of its creditors, in the sum of two thousand eight hundred dollars ($2,800)." The defendant does not deny these allegations of the complaint, but alleges that the certificates of stock, as issued to the defendant, were paid for in full by him; that he was not to pay any more than he then paid therefor; and that neither the Metropolitan Messenger Company nor his plaintiff ever had, and has not now, any claim against this defendant for the amount claimed in this action, or any amount whatever, respecting said certificates of stock, or for any cause whatever. Upon the trial it was shown that the stock mentioned in the complaint, and the certificates thereof, were actually delivered to the defendant in April and May, 1898, and that the defendant paid for this stock the sum of $3,200, and no more; that the amount paid was intended, as between the company and the defendant, as full payment for the stock issued to him; that at the time this stock was issued there was no understanding that the defendant was to pay any more for it, nor was there a contract that he was to pay any more, and the company never called upon him to make any further payments. At the end of the plaintiff's case, the court dismissed the complaint.

Prior to the assignment the corporation could not have sued this defendant for the difference between the par value of the stock and the amount the defendant actually paid the company therefor. The stock was issued by the company to the defendant as full-paid stock, and he paid therefor the amount that he agreed with the company that he was to pay, without any agreement to pay any additional sum. By section 42 of the stock corporation law (chapter 688 of

the Laws of 1892), a corporation is prohibited from issuing stock for less than its par value; but there is no provision which imposes upon a person to whom such stock has been issued for less than its par value a liability to the corporation for the difference between the amount actually paid and the par value. Section 1794 of the Code of Civil Procedure has no application, as that section relates solely to a corporation which has been dissolved, and of which a receiver has been appointed, and regulates the judgment to be entered upon such a dissolution.

Neither of the cases cited by the plaintiff is an authority in his favor. In Gazette Co. v. Jones, 30 App. Div. 316, 51 N. Y. Supp. 973, the defendant sought to absolve himself from liability upon a subscription for capital stock of a corporation to be formed, because he had received from a so-called promoter of the proposed corporation a paper, signed by him, certifying that the defendant's liability was to be "left to his time, and when he feels so disposed, in paying his part." Neither the corporation itself, when organized, nor the other subscribers of the stock, had knowledge of or consented to this agreement; and it was held that the secrecy of this agreement rendered it invalid, and the reason of the rule which invalidates such collateral contracts was that "the action of each in his subscription may be supposed to be influenced by that of the others, and every subscription to be based upon the ground that the others are what upon their face they purport to be." No such question was presented in this case. In Beals v. Construction Co., 49 App. Div. 589, 63 N. Y. Supp. 635, the action was by judgment creditors of the corporation, and was brought to obtain a judgment sequestrating its property, in pursuance of section 1784 of the Code of Civil Procedure. In holding the defendant liable, the decision was placed upon the express ground that under the provisions of the Code the obligation of the defendant to creditors of the corporation could be enforced in that action; the court saying:

"It is urged on behalf of the defendant that he never was liable for the payment of this stock; that the agreement which accompanied his subscription must be read in connection therewith. That is probably true as to the parties to it, but not as to the creditors of the corporation."

The case of Hallett v. Messenger Co., 35 Misc. Rep. 659, 72 N. Y. Supp. 370, affirmed on appeal in 69 App. Div. 258, 74 N. Y. Supp. 639, was an action by a judgment creditor to enforce the liability of the stockholder.

There is no provision of law to which our attention has been called that makes the holder of capital stock of a corporation liable to the corporation for the difference between the par value of the stock and the amount that, under an agreement between the corporation and the stockholder, the stockholder paid the corporation therefor. There was in this case no subscription to the stock under the statute, and no agreement under which the defendant can be held liable to the corporation for any amount in addition to that which he actually paid for the stock.

Under section 54 of the stock corporation law (chapter 688, Laws 1892), the defendant, as the holder of capital stock not fully paid

for, was personally liable to the creditors of the corporation, to an amount equal to the amount unpaid on the stock held by him, for debts which the corporation contracted while such stock was held by him; but that obligation was personal to the creditors, and could only be enforced in an action by them, or some one directly representing them. The plaintiff in this action is the general assignee of the corporation. Under that assignment there was transferred to him all of the property of the corporation, and all its rights to collect any money due to it, for the benefit of its creditors. He held the property that had been assigned to him by the corporation as trustee of the creditors, and to that extent he may be said to represent them, but the assignment by the corporation of its property to the plaintiff did not vest in the assignee a right which was personal to the creditors, to enforce the provisions of this statute against the stockholders.

The nature of the obligation of the stockholders to pay the creditors of the corporation, under the provisions of this section of the statute, has been discussed in several late cases, and the nature of the liability definitely settled. In Close v. Potter, 155 N. Y. 150, 49 N. E. 687, in speaking of the liability of stockholders, the court say:

"The statutory obligation which a stockholder assumes becomes a part of the contracts made by the company with its creditors until the corporation is so far organized and completed that its stock is subscribed for and paid in, at which time the statute relieves the stockholder from further liability. Until that time his relation is deemed contractual."

The liability of the stockholders of this corporation to its creditors under this statutory provision is therefore a contractual relation, not between the corporation and its stockholders, but between the creditors and the stockholders. It is a personal right vested in the creditor, not a right which vested in the corporation, and therefore not a right that either the corporation or its assignee can enforce. In Farnsworth v. Wood, 91 N. Y. 308, it was expressly held that this liability does not exist in favor of the corporation, nor for the benefit of all its creditors, but only in favor of such creditors as are within the prescribed condition, and is to be enforced by them in their own right, and for their own special benefit.

It follows that the judgment appealed from should be affirmed, with costs. All concur.