## In re JASSOY CO.

### Appeal of GOLDSMITH et al.

#### (Circuit Court of Appeals, Second Circuit. April 4, 1910.)

#### No. 110.

BANKRUPTCY (§ 145*)—CORPORATIONS—ACTION BY TRUSTEE AGAINST STOCK-HOLDERS—NEW YORK STATUTE.

Stock Corporation Law N. Y. (Laws 1892, c. 688) §§ 54, 55, which provide that holders of stock in a corporation which is not fully paid shall be personally liable to certain classes of creditors to the extent of the amount unpaid on their stock, give the corporation itself no claim or right of action against such stockholders, and no right of action thereunder passes to a trustee in bankruptcy of the corporation in behalf of its general creditors to enforce payments from stockholders to whom full-paid stock was issued for property, on the ground that the value of the property was not equal to the par value of the stock.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 205; Dec. Dig. § 145.*]

Petition to Review and Appeal from the District Court of the United States for the Southern District of New York.

In the matter of the Jassoy Company, bankrupt. On petition to review and appeal from an order of the District Court by Ingomar Goldsmith and Frederick Goldsmith. Reversed.

The Jassoy Company is a corporation organized under the laws of the state of New York for the purpose of carrying on a manufacturing jewelry business.

The total amount of the capital stock was $24,000, of which $20,000 was issued in equal amounts to the two appellants. In payment for said stock the corporation received all the assets and property of a certain jewelry manufacturing business theretofore conducted by them. The referee has found that these assets and property were overvalued to the extent of $2,137.72, that said overvaluation resulted from misrepresentations of Goldsmith, and that the stock issued to appellants remains unpaid to the extent of said sum of $2,137.72. Thereupon he made an order that "an assessment be and the same hereby is levied for the unpaid subscriptions to the capital stock of the bankrupt company * * * upon the following named persons as stockholders of the said bankrupt company for the amounts set opposite each of the names of said persons:

Ingomar Goldsmith...................................... $1,086.23
Frederick Goldsmith................................... 1,086.23"

The order authorized the trustee to require such assessment to be paid to him and in default of such payment to sue for and collect the same. The order contains a manifest clerical error in stating that the assessment was for "unpaid subscriptions." There was no finding that either of the Goldsmiths was a "subscriber," nor do we find in the record any evidence which would sustain such a finding. The assessment is solely to enforce the payment of a balance of the par value of stock, concededly issued as full-paid for property purchased, but which property, it has been found, was not worth the said par value. The District Court sustained the referee.

F. H. Levy, for appellants.

Olcott, Gruber, Bonynge & McManus (Irving L. Ernst, of counsel), for appellee.

Before LACOMBE, COXE, and WARD, Circuit Judges.

LACOMBE, Circuit Judge (after stating the facts as above). The bankrupt being a New York corporation, the right to levy assessment or to take other action to collect from its stockholders must be found in the statutes of this state. There was no such right at common law, where an original contract of subscription did not exist. Moreover in the federal courts the statute will be construed in strict conformity to the construction placed upon it by the Court of Appeals of the state. The relevant provisions of the stock corporation law of New York (Laws 1892, c. 688), as it existed at the time of the incorporation of the bankrupt, are as follows:

"Sec. 42. Consideration for Issue of Stock and Bonds.—No corporation shall issue either stock or bonds except for money, labor done or property actually received for the use and lawful purposes of such corporation. Any corporation may purchase any property authorized by its certificate of incorporation, or necessary for the use and lawful purposes of such corporation, and may issue stock to the amount of the value thereof in payment therefor, and the stock so issued shall be full paid stock and not liable to any further call, neither shall the holder thereof be liable for any further payment under any of the provisions of this act; and in the absence of fraud in the transaction the judgment of the directors as to the value of the property purchased shall be conclusive, and in all statements and reports of the corporation by law required to be published or filed, this stock shall not be stated or reported as being issued for cash paid to the corporation for property purchased."

"Sec. 54. Liabilities of Stockholders.—Every holder of capital stock not fully paid, in any stock corporation, shall be personally liable to its creditors to an amount equal to the amount unpaid on the stock held by him for debts of the corporation contracted while such stock was held by him. * * *

"Sec. 55. Limitation of Stockholder's Liability.—No action shall be brought against a stockholder for any debt of the corporation until judgment therefor

has been recovered against the corporation and an execution thereon has been returned unsatisfied in whole or in part, and the amount due on such execution shall be the amount recoverable, with costs against the stockholder. No stockholder shall be personally liable for any debt of the corporation not payable within two years from the time it is contracted, nor unless an action for its collection shall be brought against the corporation within two years after the debt becomes due; and no action shall be brought against a stockholder, after he shall have ceased to be a stockholder, for any debt of the corporation, unless brought within two years from the time he shall have ceased to be a stockholder."

These sections give to the corporation itself no claim and no right of action against stockholders for the amount unpaid on stock held by them. Certain stockholders, viz., those who were actually stockholders when a debt of the corporation was contracted. are made personally responsible to certain creditors, viz., those who are creditors on debts payable within two years after they were contracted, to an amount unpaid on their stock.

Similar provisions in the general manufacturing act of New York (Laws 1848, c. 40) were considered in Farnsworth v. Wood, 91 N. Y. 308. In that case the receiver of a corporation organized under that act sued to enforce the liability imposed by said act (section 10) upon stockholders in favor of creditors. The court, per Rapallo, J., held:

"The liability does not exist in favor of the corporation itself, nor for the benefit of all its creditors, but only in favor of such creditors as are within the prescribed conditions. It is not a general right, but one which attaches to the particular creditors only who are within the conditions, and is to be enforced by those in their own right and for their own special benefit. The receiver  *   *   * is not vested with the rights of action of these creditors. *   *   * The rights of certain creditors to prosecute their claims against certain of the stockholders never were the property of the corporation, nor rights of action vested in it. nor is there any provision of the statute, which transfers these rights of action from the creditors to the receiver."

See. also, Thompson v. Knight, 74 App. Div. 316, 77 N. Y. Supp. 599; Bostwick v. Young, 118 App. Div. 490, 103 N. Y. Supp. 607; Pfohl v. Simpson, 74 N. Y. 137.

Examining the authorities cited by counsel for the trustee we find that in Shellington v. Howland, 53 N. Y. 371, White Corbin Co. v. Jones. 45 App. Div. 241. 61 N. Y. Supp. 21. National Tube Works v. Gilfillan, 124 N. Y. 302. 26 N. E. 538, and Firestone T. & R. Co. v. Agnew, 194 N. Y. 165, 86 N. E. 1116, actions were brought directly by the creditors against the stockholders. In Zartman v. First National Bank, 189 N. Y. 267, 82 N. E. 127, 12 L. R. A. (N. S.) 1083, the only question was as to ownership of personal property alleged to be covered by a mortgage which the court found was not within the after-acquired property clause. It was held that "plaintiff, as trustee in bankruptcy of the mortgagor, has the same rights as a creditor armed with an attachment or execution," a conclusion which has nothing in common with the point raised here. In Skilton v. Codington, 185 N. Y. 80, 77 N. E. 790, 113 Am. St. Rep. 885, also, the trustee on behalf of all creditors was attacking the validity of a mortgage. Thomas v. Roddy, 122 App. Div. 852, 107 N. Y. Supp. 473, merely reasserts the familiar principle that a trustee in bankruptcy, representing all the creditors, may maintain an action to set aside any transfer which any

creditor might acquire by any process taken by him. In Bostwick v. Young, 118 App. Div. 490, 103 N. Y. Supp. 607, the receiver of the corporation sued upon the theory of an unpaid subscription. Demurrer was sustained on the ground that sufficient facts were not averred to make out such a cause of action. There seems to be quite enough in the complaint, as set forth in the opinion, to make out a case of stock not fully paid for, but no one apparently sought to avail of the provisions of the statute giving a cause of action to the creditors, and the court incidentally remarks:

"There can be no doubt that the appointment of the receiver did not vest in him a right which was personal to the creditors."

We find nothing which in any way qualifies the construction of the statute which was expressed in Farnsworth v. Wood, supra, or which supports the contention that these personal rights of action of various creditors pass to a trustee in bankruptcy.

The District Judge thought that he was constrained by the decision of this court in Re Remington Automobile Company, 153 Fed. 345, 82 C. C. A. 421, where the trustee in bankruptcy was authorized to make a call upon certain stockholders whose shares were held not to be fully paid. The Remington Company was a New Jersey corporation. The statutes of that state provided that:

"Where the whole capital of a corporation shall not have been paid in and the capital paid shall be insufficient to satisfy its debts and obligations, each stockholder shall be bound to pay on each share held by him the sum necessary to complete the amount of such share, as fixed by the charter of the corporation, or such proportion of that sum as shall be required to satisfy such debts and obligations."

This is quite different language from that used in the New York statute. It creates no personal obligation of stockholder direct to creditor, but seems to indicate that liability to make good on stock not fully paid would run to the corporation, and, of course, to its successor, the trustee in bankruptcy. Moreover, all uncertainty as to the meaning of this statute, if any were possible, was fully determined before our decision in the Remington Case by the Court of Errors and Appeals of New Jersey, a decision which was considered by us at the time, although we made no reference to it in the opinion, because the text of the New Jersey statutes, which were quoted at length in our opinion, seemed entirely clear, and no one raised the point here presented. The authority is Easton Nat. Bank v. American Brick & T. Co., 70 N. J. Eq. 722, 64 Atl. 1095. The court there held that the receiver of the company might maintain a proceeding against the recipients of stock to require them to contribute, for the benefit of creditors, such proportion of the amount unpaid upon the shares as might be required to satisfy the debts of the company.

The order of the District Court is reversed.