MANUFACTURERS' COMMERCIAL CO. v. HECKSCHER et al.

(Supreme Court, Appellate Division, First Department.   May 12, 1911.)

1. CORPORATIONS (§ 240*)—STOCKHOLDERS' LIABILITY—UNPAID STOCK—RIGHT TO SUE.

In the absence of statutory authority, a creditor cannot sue a stockholder to secure payment of his debt to the extent of the former's unpaid balance on the stock owned by him.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 934–942; Dec. Dig. § 240.*]

2. CORPORATIONS (§ 216*)—UNPAID STOCK—CREDITOR'S RIGHT TO SUE.

Whether a creditor of a New Jersey corporation may sue a stockholder to recover his debt to the extent of the stockholder's unpaid balance on the stock owned by him depends entirely on the statutes of New Jersey.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 829–834; Dec. Dig. § 216.*]

3. CORPORATIONS (§ 240*)—UNPAID STOCK—RIGHTS OF CREDITORS—BANKRUPTCY—AUTHORITY OF TRUSTEE.

New Jersey Corporation Law (P. L. 1896, p. 284) § 21, imposes a liability on stockholders to pay such proportion of the par value of their shares as shall be required to satisfy the debts of the corporation. Section 66 declares that on insolvency the receiver of the corporation becomes vested with the right to take possession of all its property, including choses in action, and to sue for the recovery of any demands in favor of the corporation. Bankruptcy Act July 1, 1898, c. 541, § 70a, 30 Stat. 565 (U. S. Comp. St. 1901, p. 3451), provides that a bankrupt's trustee shall be vested, by operation of law, with the bankrupt's title, as of the date he was adjudged a bankrupt, to all rights of action on contracts or for the unlawful taking or detention of, or injury to, his property. *Held*, that there was no contract obligation created by the New Jersey statute between a stockholder who had not fully paid for his shares, and a creditor, but that the obligation to complete payment of the par value of the shares was to the corporation, and on bankruptcy vested in the corporation's trustee, and was therefore not enforceable by a creditor suing for his own benefit and for that of all others electing to join, etc.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 934–942; Dec. Dig. § 240.*]

4. ASSIGNMENTS FOR BENEFIT OF CREDITORS (§ 215*)—LIABILITY OF ASSIGNEE.

The rights, powers, and duties of an assignee for the benefit of creditors being determined by the assignment, such assignee was not liable for fraudulent acts of his assignor in promoting and furthering a scheme for the acquisition of stock in the bankrupt corporation without paying therefor.

[Ed. Note.—For other cases, see Assignments for Benefit of Creditors, Dec. Dig. § 215.*]

Appeal from Special Term, New York County.

Action by the Manufacturers' Commercial Company, suing on its own behalf and on behalf of all other creditors of Newfoundland Syndicate, against August Heckscher and others. From an interlocutory judgment overruling separate demurrers to the complaint, defendants appeal. Reversed, and demurrer sustained.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

*For other cases see same topic & §·NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

Justus P. Sheffield, for appellant Heckscher.

Francis D. Pollak, for other appellants.

Elbridge L. Adams (Nelson S. Spencer, on the brief), for respondent.

DOWLING, J.   The facts upon which plaintiff claims to be entitled to judgment, as set forth in the complaint, are as follows: The Newfoundland Syndicate was organized on November 16, 1904, under the laws of the state of New Jersey, for the purpose of purchasing and operating mines and like enterprises.   Its capital stock was originally $300,000, which was increased to $2,000,000, in July, 1905. Thereafter, in November, 1905, it was still further increased to $3,-000,000; the par value of each share being $100.   This increase was the result of a scheme and conspiracy to evade and deceive the laws of the state of New Jersey and to defraud the creditors, present and prospective, of the corporation, by causing the additional $1,000,000, of stock to be issued to the firm of J. M. Ceballos & Co. at the price of $50, instead of at par, in violation of sections 48 and 49 of the "act concerning corporations" of New Jersey (P. L. 1896, p. 293), regulating the issue of corporate stock for property; the participants in such scheme being the directors of the corporation (including defendants Heckscher and Fiske, the latter a member of J. M. Ceballos & Co.) and George D. Mumford.   This scheme was effectuated as planned by issuing $1,000,000, capital stock, the total amount of the increase, to Mumford in ostensible payment for mining lands or rights which he claimed to own in his own right, and which had cost, and were worth not more than, $10,000.   Mumford then returned all the stock to the corporation to be sold by it as treasury stock, for the purpose of providing working capital, and J. M. Ceballos & Co. then bought it for $500,000, of which amount they and Heckscher each contributed one-half; the stock being divided between them in the same proportion.

The transaction was then completed by the corporation paying back to Mumford the $10,000, which he had paid for the mining land.   This entire operation is claimed to have been "actually and willfully fraudulent and void both under the statutes of New Jersey and those of New York, and according to the principles of the common law; that there was no exercise of the judgment of the directors of said corporation as to the value of the property, so as aforesaid purchased by the corporation from the said George D. Mumford nor any honest appraisal thereof; but that the whole scheme and transaction was a wicked and fraudulent plan conceived and carried out by and with the consent, knowledge, and acquiescence of the said August Heckscher and the said J. M. Ceballos & Co. for the purpose of enabling the said August Heckscher and the said J. M. Ceballos & Co. to acquire $1,-000,000 of the stock of the said Newfoundland Syndicate for 50 per cent. of its par value, in contravention of the laws of the state of New Jersey, and in fraud of the creditors of the said corporation."

On January 25, 1908, a petition in involuntary bankruptcy was filed against the Newfoundland Syndicate in the District Court of the

United States for the District of New Jersey, and receivers thereof were on that day duly appointed, and on January 28, 1908, ancillary receivers were appointed in the District Court for the Southern District of New York. The syndicate was thereafter judicially declared to be bankrupt, and a trustee therefor was duly elected and is still in charge of its assets. Its debts are about $1,800,000, and its assets will only suffice to pay the expenses of administration. Plaintiff is a bondholder to the amount of $113,000, and also holds notes indorsed by the corporation to the amount of $100,000, bearing date June 1, 1907; it has not proved its claim in the bankruptcy proceedings, and its time to do so has expired. The syndicate has exercised none of the functions of a corporation since January, 25, 1908, at which time all its officers resigned, and on January 4, 1910, the Governor of the state of New Jersey declared its charter void for nonpayment of taxes for the preceding two years.

Plaintiff has been unable to reduce its claims to judgment for these reasons, as well as because there was no one within this state upon whom process could be served. The firm of J. M. Ceballos & Co. has made an assignment for the benefit of its creditors to the defendant William V. Rowe. The action is brought "on behalf of itself and of all other creditors of the Newfoundland Syndicate similarly situated with the plaintiff, who may come in and make themselves parties to this action and contribute to the expense thereof." The relief sought is "that the defendants, other than the Newfoundland Syndicate (which is not a party defendant) may be ordered, adjudged, and decreed to pay the plaintiff, and such other creditors as may come in and make themselves parties hereto, the amount still unpaid on the stock so, as aforesaid, issued to them, or to either of them, or to the said J. M. Ceballos & Co., or to George D. Mumford, to the amount of $1,000,000, par value, until the claim of the plaintiff, and of such other creditors as may come in, with interest thereon, shall be paid in full, or until the full amount of $500,000, remaining due upon said stock, shall have been paid by said defendants, or $250,000, by defendant August Hickscher, and $250,000, by the other defendants; and, in case the assigned estate of J. M. Ceballos & Co. is unable to pay the full amount due from it, that such fact shall be taken into account in determining the assessment upon said Heckscher; and for such other and further relief, together with the costs and disbursements of this action, as to the court may seem just and equitable." To this complaint the defendants have demurred on the following grounds: (1) That it appears upon the face of the complaint that the court has not jurisdiction of the subject of the action. (2) That it appears upon the face of the complaint that the plaintiff has not legal capacity to sue, in that suit can be brought only in the right of the trustee in bankruptcy of Newfoundland Syndicate for the benefit of said syndicate's creditors and for the benefit of the estate in bankruptcy. (3) That it appears upon the face of the complaint that there is a defect of parties defendant in the omission of said Newfoundland Syndicate. (4) That it appears upon the face of the complaint that the complaint does not state facts sufficient to constitute a cause of action.

This demurrer was overruled by the learned court at Special Term, without opinion, upon the authority of Howarth v. Angle, 162 N. Y. 190, 56 N. E. 489, 47 L. R. A. 725, Firestone v. Agnew, 194 N. Y. 165, 86 N. E. 1116, 24 L. R. A. (N. S.) 628, Pfohl v. Simpson, 74 N. Y. 137, and Thompson v. Knight, 74 App. Div. 316, 77 N. Y. Supp. 599. In none of these cases was the corporation involved a New Jersey one, nor did the construction of the statutes of that state form any part of the opinion. The case first cited had reference to a corporation organized under the laws of the state of Washington. The plaintiff was the receiver of the corporation, and the questions raised in the case under review were not there presented. The other cases had to do with the liability of stockholders in New York corporations alone, and the provisions of the statutes of the two states on the subject of a stockholder's liability to creditors of the corporation are entirely different.

The sections of the "act concerning corporations" (Revision of 1896) of the state of New Jersey, upon which plaintiff relies as justifying its right to recover, are as follows:

"Sec. 21. Where the whole capital of a corporation shall not have been paid in, and the capital paid shall be insufficient to satisfy its debts and obligations, each stockholder shall be bound to pay on each share held by him the sum necessary to complete the amount of such share, as fixed by the charter of the corporation, or such proportion of that sum as shall be required to satisfy such debts and obligations."

"Sec. 48. Nothing but money shall be considered as payment of any part of the capital stock of any corporation organized under this act, except as hereinafter provided in case of the purchase of property, and no loan of money shall be made to a stockholder or officer thereof; and if any such loan be made the officers who make it, or assent thereto, shall be jointly and severally liable, to the extent of such loan and interest, for all the debts of the corporation until the repayment of the sum so loaned.

"Sec. 49. Any corporation formed under this act may purchase mines, manufactories or other property necessary for its business, or the stock of any company or companies owning mining, manufacturing or producing materials, or other property necessary for its business, and issue stock to the amount of the value thereof in payment therefor, and the stock so issued shall be full paid stock and not liable to any further call, neither shall the holder thereof be liable for any further payment under the provisions of this act; and in the absence of actual fraud in the transaction, the judgment of the directors as to the value of the property purchased shall be conclusive; and in all statements and reports of the corporation to be published or filed this stock shall not be stated or reported as being issued for cash paid to the corporation, but shall be reported in this respect according to the fact."

"Sec. 92. When the officers, directors or stockholders of any corporation shall be liable to pay the debts of the corporation, or any part thereof, any person to whom they are liable may have an action against any one or more of them; and the declaration shall state the claim against the corporation, and the ground on which the plaintiff expects to charge the defendants personally, or the person to whom they are liable may have his remedy by bill in chancery."

"Sec. 94. No sale or other satisfaction shall be had of the property of any director or stockholder for any debt of the corporation of which he is such director or stockholder till judgment be obtained therefor against such corporation and execution thereon returned unsatisfied, but any suit brought against any director or stockholder for such debts shall stay after execution levied, or other proceedings to acquire a lien, until such return shall have been made."

The corresponding sections of the New York stock corporation law (Consol. Laws 1909, c. 59) are numbered 55, 56, and 59; but the marked difference between the liability in the two jurisdictions becomes apparent on examining the provisions of section 56, so much of which as is pertinent reads as follows:

"Every holder of capital stock not fully paid, in any stock corporation, shall be personally liable to its creditors, to an amount equal to the amount unpaid on the stock held by him for debts of the corporation contracted while such stock was held by him."

And it is the liability thus created by our statute which the courts have been called upon to enforce in the creditor's suits which have been successfully brought in this state—a direct liability on the part of the stockholder to creditor attaching in the case of domestic corporations only. There is an entire absence from the New Jersey statutes of such a provision, creating a relationship directly between stockholder and creditor, nor is there any language used, even remotely suggesting it. Sections 92 and 94 heretofore quoted do not relate to such an action as this, but only to cases where officers, directors, or stockholders are made specially liable by the provisions of the act for the payment of the debts of the company and where provision is specially made thereby for actions by the creditors, as under section 52, providing that, when a certificate made or public notice given by the officers of a corporation shall be false in any material representation, all who shall have signed it, with knowledge of its falsity, shall be jointly and severally liable for all the debts of the corporation contracted while they were officers as a penalty enforceable in the courts of that state only. Dill on New Jersey Corporation Law, p. 113; Wetherbee v. Baker, 35 N. J. Eq. 505.

[1] In the absence of statutory authority for an action directly against the stockholder by a creditor of a corporation to secure payment of his debt to the extent of the former's unpaid balance upon the stock owned by him, upon what theory can such an action be sustained? Plaintiff concedes that if defendants had contracted with the corporation to pay $1,000,000 for the stock, and had only paid $500,000 on account thereof, the right to recover the unpaid balance would have passed to the trustee in bankruptcy and be enforceable only by him. Loveland on Bankruptcy (3d Ed.) 493. It also admits that the cause of action claimed to exist herein is contractual in its nature; but, relying upon the cases in this jurisdiction construing our statutes (such as Thompson v. Knight, supra), it claims that the contract was between the stockholder and the creditor. As we have seen, this ruling exists because of the explicit provisions of our law, for which the New Jersey statutes afford no parallel; there being no privity thereunder between creditor and stockholder.

[3] If a cause of action exists against the defendants, it can only be upon the theory of a contract upon their part, imposed by law, to pay the difference between the par value of their stock and what they actually paid into the treasury of the corporation, or so much thereof as may be required to satisfy its debts and obligations. Section 21, supra.

[2] But to whom does this statutory obligation run? The answer must be found in the decisions of the courts of New Jersey, for they are controlling upon us and must be accepted as a correct determination of the questions involved and as an exposition of the law as it existed in that state at the time they were made. Jessup v. Carnegie, 80 N. Y. 441, 36 Am. Rep. 643; Hoyt v. Sheldon, 3 Bosw. 302.

In Easton National Bank v. American Brick Co., 70 N. J. Eq. 722, 64 Atl. 1095, the right of a receiver of an insolvent corporation to recover, in the right of the corporation, the balance unpaid on stock issued in exchange for property acquired at an overvaluation, was upheld, and in the course of its opinion the court said, construing an objection similar to that raised by plaintiff herein, that the corporation might be unable to recover the balance due, upon the theory of an estoppel:

"In our view the whole difficulty is imaginary. Assuming the case showed a contract between the company and its stockholders that the stock certificates should be issued as full paid and as for property purchased, and that this contract was in fact of such a character and made under such circumstances that it contravened the prohibition of the corporation act, it was not merely voidable, but void. It has as little effect for any purpose as the contract that was before this court in Volney v. Nixon, 68 N. J. Eq. 605, 60 Atl. 189, and could not be laid hold of by either party as a ground of action or a ground of defense. No bill or other original proceeding was necessary to procure adjudication of its nullity, and the court, on the petition originally filed by the receiver for the purpose of enforcing the liability of the stockholders for the unpaid proportion of their subscriptions, upon ascertaining the facts that rendered the so-called contract void, was at liberty to treat it as affording no obstacle to the relief prayed by the receiver."

Under section 66 of the New Jersey corporation act, the receiver of a corporation becomes vested with the right to take possession of all its property of every description, including choses in action, and to institute suits for the recovery of any demands existing in favor of the corporation. His title is that of the corporation. Such right being resident in the corporation itself, to whom does it pass in case of bankruptcy.

Section 70 of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3451]) provides as follows:

"(a) The trustee of the estate of a bankrupt, upon his appointment and qualification, and his successor or successors, if he shall have one or more, upon his or their appointment and qualification, shall in turn be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt, except in so far as it is to property which is exempt, to all * * * (6) Rights of action arising upon contracts or from the unlawful taking or detention of, or injury to, his property."

In Clevenger v. Moore, 71 N. J. Law, 148, 58 Atl. 88, a trustee in bankruptcy of a corporation was held to be entitled to recover the amount still due upon the stock for which its owner claimed to have an agreement with the corporation that it should be paid for by him in labor and services.

The Circuit Court of Appeals, Second Circuit, has held that a trustee in bankruptcy of a New Jersey corporation succeeds to its right to levy an assessment on such of its stockholders as have not paid for their stock in full. In re Remington Automobile & Motor Co. et al.,

153 Fed. 345, 82 C. C. A. 421. The same court, in a later case, which had to do with a bankrupt New York corporation, held that, under our statutes hereinbefore quoted, the cause of action to recover unpaid stock subscriptions did not vest in the corporation, but in the creditor, and called attention to the difference in the statutes upon the very question involved herein. In his opinion Judge Lacombe said:

"The District Judge thought that he was constrained by the decision of this court in Re Remington Automobile Company, 153 Fed. 345, 82 C. C. A. 421, where the trustee in bankruptcy was authorized to make a call upon certain stockholders whose shares were held not to be fully paid. The Remington Company was a New Jersey corporation. The statutes of that state provided that: 'Where the whole capital of a corporation shall not have been paid in and the capital paid shall be insufficient to satisfy its debts and obligations, each stockholder shall be bound to pay on each share held by him the sum necessary to complete the amount of such share as fixed by the charter of the corporation, or such proportion of that sum as shall be required to satisfy the debts and obligations.' This is quite different language from that used in the New York statutes. It creates no personal obligation of stockholder direct to creditor, but seems to indicate that liability to make good on stock not fully paid would run to the corporation, and of course to its successor, the trustee in bankruptcy. Moreover, all uncertainty as to the meaning of this statute, if any were possible, was fully determined before our decision in the Remington Case by the Court of Errors and Appeals of New Jersey, a decision which was considered by us at the time, although we made no reference to it in the opinion, because the text of the New Jersey statutes which were quoted at length in our opinion seemed entirely clear, and no one raised the point here presented. The authority is Easton National Bank v. American Brick & Tile Co., 70 N. J. Eq. 722, 64 Atl. 1095. The court there held that the receiver of the corporation might maintain a proceeding against the recipients of stock to require them to contribute for the benefit of creditors such proportion of the amount unpaid upon the shares as might be required to satisfy the debts of the company."

We are therefore of the opinion that, if a cause of action existed against the defendants under the statutes of the state of New Jersey, it was one which belonged to the corporation itself, and not to its creditors; and upon the bankruptcy of the corporation it passed to the trustee, who alone could maintain a suit to recover thereon. The demurrer should therefore have been sustained upon the ground that the complaint did not state facts sufficient to constitute a cause of action in favor of plaintiff, and that the suit could be brought only in the right of the trustee in bankruptcy. Upon no possible theory could the defendant Rowe, as assignee of J. M. Ceballos & Co., be held liable for the alleged misconduct of his assignors.

[4] Not only is the assignment itself the sole measure of his powers and duties (Matter of Lewis, 81 N. Y. 421), but the effect of permitting him to be held liable, as well as his assignors, for the acts of the latter, would be to award an unauthorized preference to the plaintiff in such an action over the other creditors of the assignors.

The judgment appealed from should therefore be reversed, and the demurrers sustained, with costs to the appellants. All concur.