(161 App. Div. 30)

G. H. McGILL CO. v. UNDERWOOD.

(Supreme Court, Appellate Division, Third Department. March 4, 1914.)

1. PLEADING (§ 142*)—ANSWER—MATERIALITY.

In an action by plaintiff, a domestic corporation, to recover $24.47 for goods sold to defendant, an answer alleging that defendant and certain others became members of a co-operative association to obtain supplies at cost, each paying $25 for the privilege, with the right to withdraw and receive back such sum in money or trade from the association, that defendant and others traded with plaintiff company in the belief that the agreement was being and would be fulfilled, but that plaintiff failed to fulfill its contract, and it refused to offset for the amounts traded the amount of the deposit, failing, however, to allege that plaintiff was any party to the agreement, was insufficient.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 290, 291, 297, 300; Dec. Dig. § 142.*]

2. CORPORATIONS (§ 376*)—POWERS—PURCHASE OF OWN STOCK.

A domestic corporation may not purchase its own stock except out of surplus earnings.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1530; Dec. Dig. § 376.*]

3. CORPORATIONS (§ 67*)—POWERS—REDUCTION OF STOCK.

Stock Corporation Law (Consol. Laws, c. 59) § 28, provides that the directors of a stock corporation shall not make dividends except from surplus profits arising from the business, nor divide, withdraw, or in any way pay to stockholders any part of the capital of the corporation or reduce its capital stock except as provided by law. Held, that an agreement between a domestic stock corporation and its stockholders, operating a co-operative association, to furnish its stockholders with supplies at cost, that in consideration of their contributing $25 to the stock of the corporation they might withdraw at any time and receive back the amount so paid either in cash or supplies from the corporation, was invalid.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 181–183, 449; Dec. Dig. § 67.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Rensselaer County Court.

Action by the G. H. McGill Company against Orrin F. Underwood. Judgment for defendant, and plaintiff appeals.  Reversed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Ernest L. Boothby, of Rensselaer, for appellant.

Thomas F. McDermott, of Albany, for respondent.

WOODWARD, J.  The plaintiff, a domestic stock corporation, brought this action to recover the amount of a claim for groceries, meats, etc., sold and delivered to the defendant.  The answer denied the claim, and, for "a second, separate, and further answer and defense, defendant alleges that the defendant and several other residents of the city of Rensselaer agreed to become members of a co-operative association through which they were to obtain domestic supplies at cost and expense of management of the association, each agreeing to and did pay for such privilege the sum of $25, with the further understanding that said subscribers, or any of them, whenever they desired to, might withdraw from said association and receive back the $25, or trade out the same with said association.  That under said agreement defendant and the other members of the association traded with the said McGill Company in the belief that the said agreement was being and would be fulfilled," and that the defendant "further alleges that said McGill Company has failed to fulfill its contract and agreement, and has refused and declined to cancel or offset for the amounts traded the amount so deposited," and demands judgment dismissing the complaint.

Upon the trial before the city court it was admitted that the plaintiff was a domestic corporation, and that the goods, wares, and merchandise were delivered to the defendant to the value of $24.47, and that no money had been paid on the account, but judgment was given for the defendant dismissing the complaint, and this judgment has been affirmed upon appeal to the County Court.

[1] Just how the facts alleged in the answer could, in any manner, constitute a defense to this cause of action it is difficult to understand.  The complaint alleged that the plaintiff was a domestic corporation, and that the defendant owed a certain sum of money for goods purchased of the corporation, and both of these facts were admitted, but because it was alleged and, we may assume, proved that the "defendant and several other residents of the city of Rensselaer agreed to become members of a co-operative association," and that each agreed "to and did pay for such privilege the sum of $25, with the further understanding that said subscribers, or any of them, whenever they desired to, might withdraw from such association and receive back the $25, or trade out same with said association," clearly has no relation to the plaintiff as a stock corporation of the state of New York. Nor is the case helped by the further allegation that "under said agreement defendant and the other members of the association traded with the said McGill Company in the belief that the said agreement was being and would be fulfilled."  There is no allegation that the G.

H. McGill Company made any agreement of the kind set up in the answer; the allegation is that "the defendant and several other residents of the city of Rensselaer agreed to become members," not of the G. H. McGill Company, but of a "co-operative association," and that they did so, paying $25 for the privilege. But the answer continues that defendant "further alleges that said McGill Company has failed to fulfill its contract and agreement, and has refused and declined to cancel or offset for the amounts traded the amount so deposited." No allegation is made that the G. H. McGill Company ever made any contract with the defendant, or with any one else, by which it was to permit its stockholders to withdraw their capital from the corporation; and section 28 of the Stock Corporation Law clearly forbids the presumption that any such contract was ever attempted on the part of the corporation.

[2] The section cited provides that "directors of a stock corporation shall not make dividends, except from the surplus profits arising from the business of such corporation; nor divide, withdraw, or in any way pay to the stockholders, or any of them, any part of the capital of such corporation, or reduce its capital stock, except as authorized by law"; and no law of this state can be found which authorizes the purchase of its own capital stock by a corporation except in the event of such purchase being made out of surplus earnings, which is simply reducing the nominal capital stock by increasing the value of the actual capital stock in a like amount.

[3] In other words, the whole policy of the law is to maintain unimpaired the capital stock of a business corporation as the fund to which creditors may look for the discharge of their claims, and the law will not presume that the directors, who are charged with the duty of managing the affairs of the corporation, have been guilty of a violation of this duty. The evidence in this case shows that the defendant is the owner of one share of the capital stock of the plaintiff corporation, and it is the theory of the defense that this corporation is the "co-operative association" alleged in the answer, and that it was not the purpose to earn dividends but to reduce to the holders of this stock the cost of living. There are no proper allegations in the answer to raise this issue, and the defendant in any event would not be entitled to the relief, for the reason that the corporation has no right under its charter to make the alleged agreement, and persons dealing with a corporation are bound to know the limitations upon its authority.

Whatever understanding certain citizens of Rensselaer may have had with the organizers of the corporation, they have not shown themselves to have had any valid contract with the plaintiff corporation, and the judgments and order appealed from should be reversed, with costs to the appellant in all courts. All concur.