FRANK GILBERT PAPER COMPANY, Appellant, Impleaded with CHARLES A. SLEICHER, Receiver of FRANK GILBERT PAPER COMPANY, Plaintiff, *v.* HARRY I. PRANKARD and Others, Respondents.

Third Department, January 10, 1923.

Corporations — action by corporation against stockholders to recover proceeds of new issue of preferred stock, for accounting and to impress trust — capital stock increased legally and increase divided among stockholders — one stockholder purchased stock of another before increase and gave note for purchase price — new stock sold by stockholders — note given for purchase price of old stock paid with proceeds of sale of new stock — allegation of conspiracy did not change form of action — corporation cannot recover proceeds of new stock — trust cannot be impressed on stock purchased from original stockholder — accounting cannot be had — no violation of Stock Corporation Law, §§ 55 and 56 — allegation that dividends were paid out of borrowed money does not show illegal dividends.

A corporation cannot recover from its stockholders the amount of money received by them on the sale of new preferred stock distributed among them *pro rata,* without consideration, after the stock of the corporation had been legally

increased by a unanimous vote of the stockholders, where it appears that at the time the action was begun there were no creditors and that no stockholders complained of the free distribution of the preferred stock; the new stock was not the property of the corporation and the corporation was not injured in any way by the distribution thereof.

The allegation of a conspiracy on the part of the stockholders, while acting as officers and directors, to appropriate the funds of the corporation and to assist one of their number to buy the stock of the corporation belonging to an estate and to pay therefor out of the funds of the corporation, does not affect or change the grounds of the action; a conspiracy, if it existed, could be proved without being alleged.

A trust will not be impressed upon the original shares of stock purchased by one of the stockholders from an estate for which the purchaser gave his promissory note prior to the increase of the capital stock, though said note was paid from the proceeds received by the stockholder on the sale of his share of the increased capital stock issued to him.

The stockholders did not occupy a position of trust and in the transaction were not dealing with themselves with respect to the property of the corporation, and, therefore, there is no basis for an action for an accounting.

The issuance of the preferred stock without consideration *pro rata* among all the stockholders did not constitute a violation of sections 55 and 56 of the Stock Corporation Law, and the corporation itself has no cause for complaint under said sections.

The allegations in the complaint that the stockholders, while controlling the affairs of the corporation, paid dividends to themselves " out of borrowed money and not out of profits " does not show that dividends were illegally declared and paid, since there is no allegation that at the time the dividends were paid there were not surplus profits sufficient to pay the dividends; to sustain such a charge the allegations should be direct and unequivocal.

APPEAL by the plaintiff, Frank Gilbert Paper Company, from an order of the Supreme Court, made at the Schenectady Special Term and entered in the office of the clerk of the county of Saratoga on the 17th day of July, 1922, granting defendants' motion for judgment on the pleadings, consisting of a complaint and an answer.

*Roger Sherman* [*Clarence J. Shearn* and *Lawrence B. McKelvey* of counsel], for the appellant.

*Thomas O'Connor* [*George E. O'Connor* and *Edgar T. Brackett* of counsel], for the respondents.

VAN KIRK, J.:

The complaint is here to have it determined whether a cause of action is stated. All the facts alleged, together with all fair inferences therefrom, are admitted, but the conclusions averred, the inferences drawn by the pleader, or the charges of fraud or illegality not supported by facts alleged, are not admitted. (*Greeff* v. *Equitable Life Assur. Society,* 160 N. Y. 19, 29; *Meyers* v. *City of New York,* 58 App. Div. 534.)

The receiver was not appointed at the time the action was begun

and he has not appealed. In referring to the plaintiff herein we mean the corporation.

The complaint charges that the defendants, then being, together with the estate of Frank Gilbert, the owners of all the stock of plaintiff, except 25 shares, while acting as officers and directors of plaintiff, entered into a conspiracy to appropriate the properties, securities and funds of the corporation to their own use, and to assist the defendant Prankard to buy the stock of the plaintiff belonging to the Frank Gilbert estate and to pay therefor out of the funds of the corporation; that with the knowledge of his co-conspirators, Prankard purchased from the Gilbert estate its 660 shares of the common stock, paying therefor $500 in cash and his note for $52,300 and receiving the certificate, surrendering it and having a new certificate for 660 shares issued in his name, which new certificate he pledged as collateral for his note; that thereupon, in further pursuance of the conspiracy, defendants caused a meeting of the stockholders to be called to increase the capital stock from 1,500 shares, $150,000 par value, to 2,500 shares, $250,000 par value; the increase to be 1,000 shares of seven per cent, cumulative dividend, preferred stock of the par value of $100 each; that the defendants, stockholders, voted for the increase; that it was carried, the necessary certificates filed with the Secretary of State and the 1,000 shares were issued in the name of the plaintiff corporation; that defendants, illegally and without consideration to the corporation, appropriated and distributed among themselves $983\frac{1}{3}$ of these shares, to Prankard 540, to Rogers, 410, and to Gilbert $33\frac{1}{3}$; that these shares they sold and each received the proceeds for the shares so issued to him; that Prankard used the money so received to pay his note to the Gilbert estate (a further distinct allegation will be referred to later). The demand is for an accounting by these defendants for the proceeds of the preferred stock appropriated by them and sold, these proceeds to be returned to the treasury of plaintiff, and that a trust be impressed upon the 660 shares acquired by Prankard and paid for out of the funds of plaintiff.

We may escape some confusion by holding in mind that this is not an action by or on behalf of a creditor or stockholder of the corporation; when the action was begun there were no creditors and no stockholders complain; this is not an action to recover on a stock subscription; none of the stock alleged to have been distributed among the defendants had before been issued and thereafter acquired by the corporation; it was new stock; the charge of conspiracy does not affect or change the ground of action; a conspiracy, if it existed, could be proved without being alleged. (*Brackett* v. *Griswold,* 112 N. Y. 454, 466.)

We have then a complaint by the corporation alone to recover into its treasury the proceeds of the new preferred stock, in which complaint the only property of the corporation alleged to have been misappropriated is this preferred stock, and all that is sought to be recovered is the proceeds of that stock, to accomplish which recovery plaintiff would impress a trust on the 660 shares of common stock paid for by Prankard with his part of those proceeds. There is no allegation that the proceedings to increase the share capital and authorize its issue were irregular or illegal. The claim in fact is that those proceedings were legal, the stock valid, but that it and its proceeds belong to the plaintiff.

A corporation is a thing or entity created by statute for a particular purpose; it can only act through its directors chosen by the stockholders and its officers chosen by the directors. The corporation owns its property capital, but owns none of its share capital, except such as, once having been issued, is thereafter bought in or recovered into its treasury for value. New stock is not issued to the corporation direct. There is a distinction, as to ownership, between original unissued shares or new shares authorized for increase, on the one hand, and shares once put out but which the corporation has bought in or has in some way acquired after issue and holds in its treasury as assets of the corporation, on the other. The latter the corporation owns; the former it does not own. Stock authorized has no existence until actually issued or subscribed for. (*Christensen* v. *Eno*, 106 N. Y. 97.)

A share is the beneficial interest which the owner of the corresponding certificate has in the management of the corporation, in its surplus funds and in its property, upon dissolution, after the payment of its debts; and is the property of the shareholder or stockholder. His stock certificates are but evidence of his interest. (*Eisner* v. *Macomber*, 252 U. S. 189, 208.) An increase in stock or share capital is authorized by the stockholders; the stock certificates therefor are issued by the directors and officers (Stock Corp. Law, §§ 50, 61–66, as amd.), who may, in the absence of fraud, issue stock to themselves. (*Titus* v. *President, etc., G. W. Turnpike Road*, 61 N. Y. 237.)

The defendants were the principal stockholders of plaintiff; two of the directors, who, it may fairly be inferred, were the owners of the 25 shares above mentioned, are not made defendants; we shall presume here, no allegation to the contrary being made, that all the original stock was issued. This common stock represented the entire property. The stockholders by unanimous vote authorized the increase of the capital stock by 1,000 shares and it was distributed to the stockholders in proportion to their respective

holdings of common stock. By so doing no property was distributed; the shares were merely diluted and the value of the common shares was decreased. The corporation itself was not injured or wronged or in any wise affected by this action. (*Eisner v. Macomber*, 252 U. S. 189, 208.) When the defendants sold their preferred stock, they received cash, but to receive it they parted with a large portion of their beneficial interest in the corporation, the remaining interest of each being then less by the amount of cash so received. If this cash then be taken from the defendants, the court would take from them that which was theirs and give to the corporation that for which it had given no consideration and which it does not now and never owned. By such taking the corporation would be enriched, not restored, and wrongfully at another's cost.

There was no reason why Prankard should not buy the shares from the Gilbert estate and deliver his note in part payment, if the Gilbert estate was satisfied; and, having so purchased it, the stock was his. When the defendants did aid in issuing the preferred stock, with the intent in part that by its sale Prankard could procure funds to pay this note, they were guilty of no breach of trust; they were not unfaithful servants.

But, regardless of the foregoing facts, the plaintiff insists that the defendants were trustees, in effect dealing with themselves and so must account and explain their dealings to plaintiff. They press upon us the well-sustained proposition that, when a trustee or director of a corporation deals with himself with respect to the property, securities or funds of that corporation, the transaction is open to question by the corporation and the burden is on him to explain the transaction and that it is fair. But this rule has no application to the facts here being considered. These defendants did not deal with themselves with respect to corporate funds, securities or property. The cases cited by counsel are all distinguishable from the case at bar. *Sage* v. *Culver* (147 N. Y. 241), for example, was an action by a stockholder for an accounting. The defendants, officers and directors of a railroad which they practically owned, leased it at an exorbitant rental to the other road, of which plaintiff was a stockholder and the defendants were also officers and directors. They were likewise charged with taking from the treasury of the railroad large sums of money not due them. And in *Billings* v. *Shaw* (209 N. Y. 265) the president and some of the directors of a corporation sold its property — its plant and boats — and distributed the proceeds according to the terms of an agreement which they kept secret from the other directors and stockholders and to their own profit.

But the court in that case held that, if the transaction had been fully disclosed and consummated after an honest statement of the facts to the other directors at a regular meeting, and to the stockholders at a stockholders' meeting, there would be no cause for charging the defendants with any profits they had made.

In the instant case no property of the corporation has been used or misappropriated; no conflict between duty and self-interest is disclosed. The plaintiff was not entitled to consideration for that which it did not own. After the transactions were completed, the common stockholders, not the plaintiff, had parted with something of value.

An action for an accounting must be based upon agency or trust in regard to money or property. To sustain such an action defendant must appear to have been intrusted with property of plaintiff and in consequence to have become bound to reveal his dealings. (*Schantz* v. *Oakman*, 163 N. Y. 148, 157.)

We find no violation of the statute, for which redress can be had here. There is sound authority that sections 55 and 56 of the Stock Corporation Law do not apply to this case. Section 55 does not declare void stock issued without consideration. If no consideration, or part consideration only is paid for stock issued, section 56 gives a right of action to a creditor, but not to the corporation or its receiver. (*Thompson* v. *Knight*, 74 App. Div. 316.) The liability of a stockholder to a creditor under this section is not an asset of the corporation. (*Breck* v. *Brewster*, 153 App. Div. 800.) Nor do we find any statutory restraint upon the distribution of new share capital.

In paragraph VIII of the complaint it is alleged that " during the years 1916, 1917, 1918 and 1919, the defendants, while controlling the affairs of the plaintiff, caused dividends to be declared and paid to themselves as owners of the common stock of the plaintiff, which dividends were paid out of borrowed money and not out of profits, and were wholly illegal." This is a separate, distinct charge of wrongdoing. There is no charge here that, at the time these dividends were paid, there were not surplus profits sufficient to pay the dividends. The money to pay the dividends may have been borrowed at the time. This is but borrowing money to carry on its business. The profits and surplus may have been invested in corporate property, or corporate enterprises. If so, the payment of the dividends was not illegal. (*Wood* v. *Lary*, 47 Hun, 550.) It will not be presumed that the officers and directors of a corporation have violated their duty. To sustain such a charge in a pleading, the allegation should be direct and unequivocal. (*McGill Co.* v. *Underwood*, 161 App. Div. 30; *Holmes* v. *Saint Joseph*

*Lead Co.*, 84 Misc. Rep. 278; affd., on opinion below, 163 App. Div. 885; *Bankers Trust Co.* v. *Dietz Co.*, 157 id. 594.)

We find no cause of action stated in the complaint.

The order appealed from should, therefore, be affirmed, with costs, but with leave to the plaintiffs, upon payment of the costs, to serve an amended complaint within twenty days after service of a copy of the order of this court.

Present — H. T. KELLOGG, Acting P. J., KILEY, VAN KIRK, HINMAN and HASBROUCK, JJ.

Order unanimously affirmed, with ten dollars costs and disbursements, with leave to plaintiffs, upon payment of costs, to serve an amended complaint within twenty days after service of copy of order of this court.