with the motion papers, no harm was done, for the reason that the motion was granted conditionally, upon submission with the proposed order opening the default of an affidavit of merits and a proposed answer, and a stipulation waiving alimony pendente lite, and consenting to accept short notice of trial. By these conditions the trouble, delay, and expense to the plaintiff were minimized, and all his rights protected, while at the same time the defendant was given, upon complying with the terms, an opportunity to interpose her defense. I therefore dissent from the conclusion reached by the majority of the court, and think that the order should be affirmed.

(75 App. Div. 522.)

### In re LATIMER.

(Supreme Court, Appellate Division, First Department. November 7, 1902.)

1. CORPORATIONS—INSPECTION OF BOOKS BY STOCKHOLDERS—MANDAMUS.
   A stockholder in a corporation is not entitled to mandamus requiring it to produce its books and papers for his inspection on his mere allegation that he has no knowledge of the condition of its affairs or the names of its stockholders, and that it is necessary to examine the books, etc., in order to ascertain their names and residences, so that he may confer with them respecting the management of the company, etc., especially in the absence of any showing that such information has been refused.

Appeal from special term, New York county.

Application by Anna H. Latimer for a peremptory writ of mandamus requiring the Herzog Teleseme Company to produce certain books and papers. Order granting the relief asked, and respondent appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, O'BRIEN, and LAUGHLIN, JJ.

George H. Viehmann, for appellant.

Junius Pendleton Wilson, for respondent.

McLAUGHLIN, J. This appeal is from an order granting a peremptory writ of mandamus requiring the appellant, the Herzog Teleseme Company of New York, to permit the petitioner, Anna H. Latimer, to examine, inspect, and make extracts from all the papers, books, and vouchers of said corporation. The order was granted upon an affidavit made by a person who alleges that he has a power of attorney from said Latimer authorizing and empowering him to make an examination of the books of said company. The power of attorney is not produced, and not a single fact is stated in the affidavit or in the petition made by such attorney from which it can even be inferred that the power of attorney gives him authority, or that he has been authorized in any other way, to institute this proceeding, and therefore upon that ground alone the application should have been denied.

We do not choose, however, to place the reversal of the order upon that ground alone. We are of the opinion that the facts set

¶ 1. See Mandamus, vol. 33, Cent. Dig. §§ 46, 264.

out in the moving papers, assuming that the attorney was authorized to institute the proceeding, were insufficient to justify the granting of the order appealed from. There is no doubt that a stockholder of a corporation has, under certain circumstances, the right to inspect its books and papers for a proper purpose. In re Steinway, 159 N. Y. 250, 53 N. E. 1103, 45 L. R. A. 461; In re Pierson, 44 App. Div. 215, 60 N. Y. Supp. 671. This right, however, is not an absolute one, and before he is entitled to it he must establish that the information desired has been refused by the corporation, after a demand made therefor, and that it is necessary for him to have the information in order to properly protect his interest in the corporation. Here not a single fact is stated which brings the application within this rule. Indeed, all that is alleged in the petition and affidavit is that the petitioner has no knowledge of the condition of the affairs of said corporation, or the names of its stockholders, and that it is necessary to examine "the books of account and the stock books and list of stockholders of said company, to ascertain the names and residences of the other stockholders of said company, so that the petitioner may confer with them as to the management by the present officers of the affairs of said company." Manifestly, it is unnecessary to examine all of the books, papers, and vouchers of the corporation to obtain this information; and presumably the corporation would have furnished it to the plaintiff, had a demand been made therefor. There are no allegations of mismanagement, or that the stock of the corporation has been, or is likely to be, depreciated, other than the statement that no dividends have been declared since the petitioner acquired her stock.

The order appealed from must therefore be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.