In the Matter of the Application of WILLIAM C. TAYLOR, Appellant, for a Peremptory Writ of Mandamus Requiring the CITIZENS' NATIONAL BANK OF SARATOGA SPRINGS, N. Y., Respondent, to Allow an Inspection of Its Books and Records.

Third Department, January 9, 1907.

**Corporation — mandamus by stockholder to obtain inspection of books — when writ refused.**

A stockholder is entitled to mandamus to obtain an examination of the corporate books only when necessary in aid of his stock interests. But where the information is sought, not for the benefit of the stock interest, but to secure information in aid of a suit by a stockholder against directors personally for deceit and to recover damages sustained by reason of a false report published by them whereby he was induced to become a stockholder, the writ will be refused.

APPEAL by the petitioner, William C. Taylor, from an order of the Supreme Court, made at the Saratoga Special Term and entered in the office of the clerk of the county of Saratoga on the 30th day of December, 1905, denying the petitioner's application for a peremptory writ of mandamus.

*Edgar T. Brackett*, for the appellant.

*Nash Rockwood*, for the respondent.

Order affirmed, with costs, on the opinion of Mr. Justice HENRY T. KELLOGG at Special Term. All concurred; PARKER, P. J., not sitting.

The following is the opinion delivered at Special Term:

KELLOGG, J.:

This is an application for a writ of mandamus to compel the Citizens' National Bank of Saratoga Springs to exhibit its books and papers to William C. Taylor, a stockholder.

A stockholder may, for a proper purpose, obtain by a mandamus an examination of the corporate books. (*Matter of Steinway*, 159 N. Y. 250.) The writ will not be granted for the purpose of enabling a stockholder, by showing financial embarrassment, to

force the corporation into the hands of a receiver through action by the Attorney-General. (*Matter of Pierson*, 44 App. Div. 215.) Nor to show an improper loan by its officers, in order to compel the parties to make good in case of a deficit. (*People ex rel. McElwee* v. *Produce Exchange Trust Co.*, 53 App. Div. 93.) Before a stockholder may have the writ, he must establish that "it is necessary for him to have the information in order to properly protect his interest in the corporation." (*Matter of Latimer*, 75 App. Div. 522.)

Thus it will be seen that the writ is granted only on behalf of a stockholder considered as such and in proper aid of his stock interest only. Wherever information concerning the management, conduct and control of the corporation is necessary for the protection of such stock interest its revelation will be compelled; but where the information is sought, not for the benefit of an owner's stock interest, but to assist him in matters personal to himself, and wholly apart from such interest, the writ should not be granted.

This applicant seeks information to aid him in a suit in deceit against three directors of a banking corporation, brought to recover damages sustained by reason of a false report published by them whereby he was induced to become a stockholder and incurred loss. Confessedly this is the purpose of the application. It is, therefore, not as a stockholder, but as a plaintiff in a suit against individuals not affecting the management, conduct or control of the corporation, that he demands this writ. It should be denied to him.

Motion denied, with costs.