---

(57 Misc. Rep. 320.)

### In re HATT et al.

(Supreme Court, Special Term, Albany County. December 20, 1907.)

1. JOINT-STOCK COMPANIES—DEALINGS BETWEEN MEMBERS AND COMPANY—INSPECTION OF BOOKS AND RECORDS.

An application by shareholders to the officers of a joint-stock association for leave to inspect the books and records of the association, reciting that the purpose of asking for an inspection and for permission to take extracts from certain documents was to acquaint applicants with the facts, and to communicate such facts to all of the shareholders, and to make use of such information for the benefit of the company and of all of its share-

holders, did not show that the examination was necessary, or that it was asked for a proper purpose.

2. MANDAMUS TO OFFICERS OF JOINT-STOCK COMPANY.

Assuming that mandamus will lie to compel the officers of a joint-stock company to submit the books and records for an inspection by shareholders, a prerequisite to the issuance of the writ is the refusal of the officers to permit the examination.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Mandamus, § 44.]

3. SAME.

Mandamus will not issue to compel the officers of a joint-stock company to permit an examination of the books and records by shareholders where the application for the writ was made without allowing the officers a reasonable time under the circumstances to act on the shareholders' prior demand for such inspection.

Application by Samuel S. Hatt and others for a writ of peremptory mandamus directed to the president, officers, and directors of the United States Express Company, a joint-stock association, to exhibit the books, etc., of the association to petitioners. Application denied.

Eugene G. Kremer, for petitioners.
O'Brien, Boardman & Platt, for respondent.

BETTS, J. This is an application made by Samuel S. Hatt and others, shareholders of the United States Express Company, a joint-stock association organized under the laws of the state of New York, for a peremptory writ of mandamus directing the officers and directors of said company to exhibit to the petitioners, their attorneys, and accountants all books of account, records, and papers of said association from the time of its organization to the time of such exhibition, and to permit them to fully examine the same and take extracts therefrom. It was shown on the hearing that the United States Express Company is a joint-stock association originally organized in about 1854, and continued by later articles of agreement and association made from time to time down to the present date. The petitioners represent themselves, and petitioner Hatt and one Albert L. Bannister claim to represent many other shareholders, and have been in existence as an alleged committee for some time, seeking to acquire and acquiring varied information concerning this company, and from time to time sending circulars to other shareholders thereof. The names of the shareholders they claim to represent they decline to furnish to the officials of the express company, although repeatedly requested so to do. Permission to examine the books of the company some time during this year was requested and granted, and they proceeded by the use of a firm of public accountants to examine certain books and vouchers of said company as shown by the sworn return of the treasurer of the company. This examination continued so long as those making it desired to do so, when they voluntarily discontinued the same. The particular application upon which this proceeding is founded is contained in a letter of the petitioners addressed to the officers and directors of the United States Express Company dated October 5, 1907. The avowed purpose of asking for this inspection, as disclosed by said letter of October 5th, is as follows:

"The purpose of our asking for an inspection and permission to take extracts of the documents above referred to is to acquaint ourselves with the facts, and to communicate such facts to all of the shareholders, including such of you as are shareholders, and to make use of such information for the benefit of the company and of all of its shareholders."

The purpose expressed is exceedingly vague, and the court cannot determine therefrom that any such examination is necessary, or that it is asked for a proper purpose. Nor is the court helped to arrive at such a conclusion by the petition herein or by perusing the mass of correspondence passing between the parties or the addresses or circulars sent out by the committee, Messrs. Hatt and Bannister. This letter was received by the defendant's treasurer on or about October 8, 1907, and the treasurer returns that he immediately arranged for a meeting of the directors to consider this communication which meeting was held on October 15th, and will be referred to later. The petition herein upon which these proceedings was founded was verified October 8, 1907. The notice of motion was served upon the various defendants on or about October 11, 1907. After the meeting of the directors of the United States Express Company on October 15th, the express company by its treasurer wrote to the attorney for the petitioners, referring to the petitioners' letter of October 5th, assailing the good faith of the request, but nevertheless granting the permission, the examination to be made by the same firm of expert accountants, Marwick, Mitchell & Co., who had heretofore been selected and made an examination of the books of the express company on behalf of those same petitioners, or some of them, so that we have at the time that this application came before me on the 19th of October consent to an examination by the officials of the express company.

It is objected on behalf of the express company to the granting of this mandamus that the application is not made by the petitioners in good faith, that the application had not been refused, and that the petitioners should resort to some other proceeding rather than mandamus to obtain any rights that they may have to the examination of the books and papers in question: that the United States Express Company is not a corporation; that the only rights that the petitioners have herein is under the articles of association of the defendant; that these articles of association constitute a private contract between the original parties and their successors, the present shareholders, and that contract rights cannot be enforced by mandamus. I think that under the decision in People ex rel. Platt v. Wemple, 117 N. Y. 136–146, 22 N. E. 1046, 6 L. R. A. 303, that this express company is formed or united under the state statutes whether it be termed a corporation, a joint-stock company, or an association; that that decision is broad enough to make the reasoning in Matter of Steinway, 159 N. Y. 250, 53 N. E. 1103, 45 L. R. A. 461, apply to it and to a proceeding of this kind. The substance of that decision is noted on page 263 of 159 N. Y., on page 1107 of 53 N. E., where the court holds:

"We think that, according to the decided weight of authority, a stockholder has the right at common law to inspect the books of his corporation at a proper time and place, and for a proper purpose, and that, if this right is refused by the officers in charge, a writ of mandamus may issue, in the sound discretion of the court with suitable safeguards to protect the interests of all

concerned. It should not be issued to aid a blackmailer, nor withheld simply because the interest of the stockholder is small, but the court should proceed cautiously and discreetly, according to the facts of the particular case."

See, also, Latimer v. Herzog Teleseme Co., 75 App. Div. 522, 78 N. Y. Supp. 314, to the same effect.

It will be seen by this assuming that the same reasoning should properly be applied for the examination of the books of a joint-stock association that a prerequisite therefor is the refusal of the officers in charge to permit this examination. Here there had not been a refusal. There had not been even a reasonable time permitted for the corporation to act upon the request of the petitioners. Much correspondence had been had by these petitioners, or some of them. Many circulars had been sent out by them to the various shareholders, in which the motives and conduct of the officers of the express company were assailed severely, and the prior examination and the various negotiations and correspondence had been conducted with considerable friction between the parties hereto, so that under all the circumstances it was right and proper, in my opinion, for the treasurer of this company to lay before his board of directors this communication from these petitioners, asking for an examination of these books, and a reasonable time should have been accorded them to either grant or refuse this application of the petitioners which was not done. The writ of mandamus should not issue in a case of this kind unless the right of the petitioner thereto is clear assuming the affidavit submitted in response to said application to be true. I hold that the petitioners have not satisfied the burden thus imposed upon them by showing either a proper purpose or a refusal.

The application that a peremptory writ of mandamus issue to the petitioners is therefore denied, with costs to the express company.