## BRECK v. BREWSTER.

(Supreme Court, Appellate Division, First Department.　April 4, 1912.)

1. CORPORATIONS (§ 228*)—STOCKHOLDERS—INDIVIDUAL LIABILITY.

　　Stock Corporation Law (Consol. Laws 1909, c. 59) § 56, expressly makes a holder of stock, and not the original subscriber, liable for corporate debts contracted while he holds the stock, to an amount equal to the amount unpaid on his stock.

　　[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 874; Dec. Dig. § 228.*]

2. CORPORATIONS (§ 171*)—STOCKHOLDERS—INDIVIDUAL LIABILITY.

　　While, under Stock Corporation Law (Consol. Laws 1909, c. 59) § 32, a stockbook is presumptive evidence that one is a stockholder as recited therein, mere transfer of shares on the corporate books does not constitute him one.

　　[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 633–636; Dec. Dig. § 171.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**3. CORPORATIONS (§ 171*)—STOCKHOLDERS—INDIVIDUAL LIABILITY.**

That defendant. signed a proxy, a consent to an increase in capital, and a waiver of notice of a special meeting, in which he described himself as a stockholder of record, is not conclusive as to his status as a stockholder.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 633–636; Dec. Dig. § 171.*]

**4. CORPORATIONS (§ 271*)—STOCKHOLDERS—JURY QUESTIONS.**

In an action under Stock Corporation Law (Consol. Laws 1909, c. 59) § 56, to charge. defendant for the amount unpaid on stock, *held*, under the evidence, a jury question whether he was a holder of stock.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 885, 1160, 1161; Dec. Dig. § 271.*]

Appeal from Trial Term, New York County.

Action by Charles J. Breck, trustee in bankruptcy of the Eastern Publishing Company, bankrupt, against Herman C. Brewster. Judgment for defendant, and plaintiff appeals. Reversed, and new trial ordered.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Charles D. Ridgway, for appellant.
Charles G. Smith, for respondent.

MILLER, J. This is a suit to recover, pursuant to section 56 of the Stock Corporation Law (Consol. Laws 1909, c. 59), the amount unpaid upon the capital stock of the bankrupt corporation, alleged to be held by the plaintiff. · It appeared from the stockbook of the corporation that 860 shares of stock, which had been issued to different persons, and upon which only one-half, and in some cases five-eighteenths, of the par value had been paid, were transferred to the defendant on the 16th of August, 1909. The plaintiff also proved that debts to the amount of $5,784.94 were contracted by the corporation after said date.

While the respondent asserts that said stock had been fully paid upon, we think that the other evidence in the case tends rather to support than to rebut the prima facie case made by the proof of the stockbook. The defendant testified that he was employed as vault clerk by the Van Norden Safe Deposit Company at a salary of $80 a month; that the certificate for the 860 shares .of stock in question was presented to him by W. W. Robinson, secretary of the Van Norden Trust Company, with a request that he sign in .blank the assignment on the back of it; that he complied with that request, immediately returned the certificate to said Robinson, and never thereafter held or saw it. It appears that said 860 shares were originally issued as follows: Five hundred shares to George S. Sprague, Jr., the secretary of the bankrupt corporation, 160 shares to O. H. Van Norden, its president, and 200 shares to the said Robinson, the secretary of the. Van Norden Trust Company. The defendant first denied any recollection of ever having signed a proxy for any one to vote on his stock, or any papers for an increase of the capital stock; but, when

shown his signature in the minute book and to a proxy, he admitted it, and in explanation testified:

"I signed those, because it was to my best interests to do as I was told. Some one of the Van Norden Company told me to sign the proxies."

It also appeared that the defendant had signed a waiver of formal notice of a special meeting of stockholders, in which he had described himself as "a stockholder of record of 2,410 shares."

[1] Said section 56 of the Stock Corporation Law provides, inter alia, that:

"Every holder of capital stock not fully paid, in any stock corporation, shall be personally liable to its creditors, to an amount equal to the amount unpaid on the stock held by him for debts of the corporation contracted while such stock was held by him."

We think that the language quoted is too plain for construction. Liability is not imposed upon the original subscriber, but upon the holder, for debts contracted while the stock is held by him. The liability is imposed by statute and we think it will serve no purpose to discuss the question whether it may properly be said to rest upon an implied promise. Whatever it is termed it is a liability imposed in plain language upon every *holder* of stock.

[2-4] While a creditor could not maintain an action before judgment and return of an execution unsatisfied (see § 59), the plaintiff is in the position of a judgment creditor, holding an execution duly returned unsatisfied. Section 47 of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 557 [U. S. Comp. St. 1901, p. 3438]), as amended by Act Feb. 5, 1903, c. 487, § 10, 32 Stat. 799 (U. S. Comp. St. Supp. 1909, p. 1313), and by Act June 25, 1910, c. 412, § 8, 36 Stat. 840. Section 32 of the Stock Corporation Law (chapter 59, Consol. Laws 1909) requires every stock corporation to keep a stockbook, containing the names of all stockholders, the numbers of shares held by them, respectively, the time when they respectively became owners, and the amount paid thereon, and provides, inter alia:

"The stockbook of every such corporation * * * shall be presumptive evidence of the facts therein so stated in favor of the plaintiff, in any action or proceeding against such corporation or any of its officers, directors or stockholders."

The plaintiff, therefore, made a prima facie case, and the question is whether the testimony of the defendant was sufficient to rebut it.

While the stockbook was presumptive evidence that the defendant was a stockholder, the mere transfer of shares on the books of the corporation would not constitute him one. Matter of Ringler Company, 204 N. Y. 30, 97 N. E. 593. If his testimony be accepted, the defendant was neither the owner nor the holder of the stock. A certificate was presented to him, and he immediately signed the assignment in blank and returned it to Robinson. While a stockholder of record, some one else was the beneficial owner of the stock and actually held the certificate. If the statute was intended to apply to holders of record, it would have said so, or, at least, would have made the stockbook conclusive, not merely presumptive evidence.

The fact that the defendant signed a proxy, a consent to an increase of capital, and a waiver of notice of a special meeting, in which he

described himself as a stockholder of record, would not be conclusive upon him. In the Ringler Case, the persons who were held not to be stockholders were .elected and undertook to serve as directors. We have, then, a prima facie case made by the plaintiff, and opposed to that the testimony of an interested party, somewhat weakened by statements signed by him tending to show that he was a stockholder. Under those circumstances, we think that a question of fact was presented for the jury, and that it was error for the court to dismiss the complaint.

The judgment and order appealed from should therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.