### BRECK v. BREWSTER.

(Supreme Court, Appellate Division, First Department. December 6, 1912.)

1. BANKRUPTCY (§ 6*)—BANKRUPTCY ACT—ACTIONS BY TRUSTEE.

Act June 25, 1910, c. 412, § 8, 36 Stat. 840 (U. S. Comp. St. Supp. 1911, p. 1500), amending Bankr. Act July 1, 1898, c. 541, § 47, 30 Stat. 557 (U. S. Comp. St. 1901, p. 3438), and providing that trustees in bankruptcy shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings, does not apply to a trustee appointed in a proceeding pending when that amendment took effect, under the express provisions of section 14 of that act.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 2; Dec. Dig. § 6.*]

2. BANKRUPTCY (§ 145*)—PROPERTY VESTING IN TRUSTEE—STOCKHOLDERS' LIABILITY—ENFORCEMENT.

The liability of stockholders of a corporation, under Stock Corporation Law (Consol. Laws 1909, c. 59) § 56, for the amount unpaid on the stock, is not an asset of the corporation enforceable by a trustee in bankruptcy, since a stockholder as such is liable only by force of the statute, which expressly provides that he is liable only to creditors, and the bankruptcy law does not authorize the enforcement of such liability by a trustee.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 205, 230–232, 234; Dec. Dig. § 145.*]

Appeal from Trial Term, New York County.

Action by Charles J. Breck, as trustee in bankruptcy of the Eastern Publishing Company, against Herman C. Brewster. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Reversed, and complaint dismissed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

Charles Green Smith, of New York City, for appellant.
Charles D. Ridgway, of New York City, for respondent.

MILLER, J. [1] Upon a former appeal in this case we reversed a judgment in favor of the defendant. 150 App. Div. 202, 134 N. Y. Supp. 697. The point was not raised that a trustee in bankruptcy could not maintain an action to enforce the obligation of stockholders to creditors, imposed by section 56 of the Stock Corporation Law (Consol. Laws 1909, c. 59), and it was assumed that section 47 of the Bankruptcy Act, as amended by Act June 25, 1910, c. 412, § 8, 36 Stat. 840 (U. S. Comp. St. Supp. 1911, p. 1500), applied. The point is now raised, and our attention is called to the error in assuming that the amendment of 1910 applied to the case. That amendment by its terms (section 14) was not to apply to bankruptcy cases pending when it took effect, and the proceeding in which the plaintiff was appointed trustee was pending at that time.

[2] The defendant is sued, not as a subscriber, to recover an unpaid subscription, but as a stockholder, to enforce a statutory liability given to creditors. It is quite plain that that liability is not an asset of the corporation. Even though the defendant had been a subscriber,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the subscription agreement would have limited his liability to the corporation. Southworth v. Morgan, 205 N. Y. 293, 98 N. E. 490. As a mere stockholder, he is liable only per force of the statute, and the statute in terms provides that that liability is *to creditors*. The bankruptcy law nowhere provides that a trustee may enforce the statutory liability of stockholders to creditors, and the amendment of 1910, to which we referred in our former opinion, quite plainly refers to the assets of the corporation. We have recently had occasion to observe, with respect to the statutory liability of stockholders, that it is not to the corporation, or to all creditors, but only to those within prescribed conditions. Mosler Safe Co. v; Guardian Trust Co. et al., 138 N. Y. Supp. 298, decided November 15, 1912, et vide cases cited. It follows that, in the absence of an express provision of statute authorizing the trustee in bankruptcy to maintain the action, he has no standing to do so.

The judgment should therefore be reversed, with costs, and a judgment entered dismissing the complaint, with costs.

INGRAHAM, P. J., and McLAUGHLIN and DOWLING, JJ., concur. LAUGHLIN, J., concurs in result.