Francis B. Delehanty, J.
This is a motion for a peremptory writ of mandamus to compel the officers of defendant corporation to permit an examination of certain minute and account books of the Huyler corporation. Petitioner instituted an action in another county in June, 1917, claiming that her father David Huyler was the record holder of 50 shares of stock of said *936 corporation, and that under his will she became entitled to same, which claim is contested by the respondents. Petitioner seeks this writ of mandamus contending that she is the owner of 21 other shares of stock of said corporation, and that as such owner she is entitled to examine into the affairs of the corporation. Respondents deny that petitioner is the owner of said stock and set forth evidence to the effect that she has sold her interest in the concern. Upon the argument of the motion petitioner elected to move for a peremptory, rather than an alternative writ. Therefore the denials and averments in the opposing affidavits are to be taken as true (Code Civ. Pro., § 2070; Matter of Steinway, 159 N. Y. 250), and the writ cannot be granted if a clear legal right thereto is not established (Matter of Steinway, supra; People ex rel. Mott v. Board of Supervisors, 64 N. Y. 600). Furthermore, having moved for a peremptory writ, an alternative writ cannot issue (People ex rel. Bush v. Board of County Canvassers, 66 Hun 265). There are several fatal objections to the application. A copy of the contract of sale covering the 21 shares upon which this application is predicated is annexed to the moving papers. This contract fixes a purchase price for that stock at $535,500, of which $125,000 has admittedly been paid on account, and the balance is admittedly not yet due. It is admitted that the contract is in full force and effect, and that there has been no default. The contract provides for the indorsement of the shares in blank by the petitioner “so as to make them good delivery,” and for the delivery thereof to the Bankers Trust Company, and it is admitted that such indorsement and delivery have been made. The contract further provides for the surrender by petitioner of all voting power; that dividends shall be deemed payments on account of the purchase price, thus benefiting the purchaser, not the petitioner; that the purchaser may pay the whole of the balance at any time, and, finally, that in case of default in payments the contract shall determine and the petitioner “ shall be reinvested with the full legal and equitable title ’ ’ to the stock. From the facts it appears that petitioner has only a contingent interest in the stock that is temporarily registered in her name, and that all the elements of a contract of absolute sale are present (Bradley v. Wheeler, 44 N. Y. 495; Groat v. Gile, 51 N. Y. 431; Sanger v. Waterbury, 116 N. Y. 371). The mere fact that the stock is registered in petitioner’s name does not constitute her a stockholder in the sense necessary to entitle her to maintain this proceeding (Breek v. Brewster, 150 App. Div. 202; Matter of Ringler & Co., 204 N. Y. 30). Moreover, the action of petitioner in indorsing the stock in blank and deliver *937 ing the same to the Bankers Trust Company in itself divested petitioner of title (McNeil v. Tenth Nat. Bank, 46 N. Y. 325). Finally, it clearly appears from the papers presented that the petitioner is not seeking to enforce any corporate right, but on the other hand is trying to obtain information for her personal use in her action heretofore instituted. This in itself is sufficient to deprive petitioner of the relief sought (Matter of Taylor, 117 App. Div. 348; Matter of Latimer v. Herzog Teleseme Co., 75 App. Div. 522). Motion for writ of peremptory mandamus accordingly denied, with $50 costs. Settle order on notice.