**In re SOUTH SHORE CO-OPERATIVE ASS'N, Inc.**

**No. 255.**

Circuit Court of Appeals, Second Circuit.
April 10, 1939.

Glenn W. Woodin, of Dunkirk, N. Y., for appellants

Palmer, Rowe & Palmer, of Dunkirk, N. Y., for appellee.

J. Carlisle Swaim, of New York City, as amicus curiæ for Virginia-Carolina Chemical Corporation, a creditor.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

South Shore Co-operative Association, Inc., was a membership corporation organized in 1920 pursuant to chapter 655, Laws of 1918 of New York, Membership Corporations Law N.Y., Consol.Laws, c. 35, § 198 et seq. Its membership consisted of farmers who used the Association as a marketing agency for their products. On October 6, 1933, the Association was adjudicated bankrupt and thereafter Leslie A. Huntington was duly appointed its trustee. Having converted into cash the assets of the corporation and having found them insufficient to pay the claims duly allowed and the expenses of administration, he applied to the referee to make an assessment against each member of the Association in the sum of $100. After notice and hearing the referee found that the by-laws of the corporation and the applicable local law rendered the members liable to such an assessment; and the requested order was made on May 22, 1936. No one sought to review it. A considerable number of the members thereafter paid such assessment in whole or in part to the trustee; others resisted payment and were sued therefor. One of such suits was carried to the highest court of the state, where dismissal of the complaint was affirmed on the ground that the statute of limitations had run against the claim. Huntington v. Davidson, 276 N.Y. 511, 12 N.E.2d 453. Before this decision was rendered Spoden and others had filed the present proceeding on behalf of themselves and others similarly situated to recover the amounts of the assessment which they had respectively paid. In December, 1937, hearings were had at which the petitioners presented evidence to the effect that the payments made by them had been made under the erroneous belief that (1) the referee's order of assessment constituted a judicial determination of their legal liability, and (2) the trustee in bankruptcy was vested by law with the right to collect the assessment. The referee dismissed their petition, and the district court affirmed on the ground that "the assessment was legal by virtue of a contractual relation created by the by-laws," and therefore there was no mistake of law. The petitioners have appealed.

The argument has revolved mainly about the question whether the liability described in the by-laws[1] and referred to on

---

[1] "Section 2. Each member shall be responsible, as his original liability, for his per capita share of all contracts, debts and engagements of the association existing at the time he becomes a member and created during his membership; but if any member's share of such contracts, debts or engagements shall prove to be uncollectible, each remaining member shall be responsible, as his additional liability, for such unpaid share or part thereof to an amount equal to such remaining member's original liability or to such further amount as may be prescribed in the certificate of incorporation. No member shall be liable to the association for any contract, debt or engagement arising out of any specific transaction between the association and any member or members thereof in which he does not participate, unless and until the association shall have exhausted every legal recourse and failed to enforce satisfaction from the member or members participating therein. In all cases any member who, voluntarily or otherwise, contributes to the payment of the debt or obligation of another member or other members shall have an action, several or joint as he may elect, against such defaulting member or members for reimbursement. The amount of indebtedness for which the individual members of the association shall individually be liable, shall not exceed One Hundred ($100.00) Dollars, provided, however, that such limitation of liability shall not be deemed to include any liabilities of a member upon any note given by him under the provisions of Article X hereof.

"The members of the Association shall jointly and severally be personally liable for all debts due and owing to any of its laborers, servants or employees, other than contractors, for services performed by them for such association. Before such laborers, servants or employees shall charge such members for such services, they shall give notice in writing, within thirty days after the termination of such services, that they intend to hold them liable therefor, within thirty days after the return of an execution unsatisfied against the association upon a judgment recovered against them for services."

the face of each certificate of membership[2] runs to the corporation or to its creditors. If it runs to the corporation, the trustee in bankruptcy was vested with the right to collect the assessment, and the judgment appealed from was correct. See Sanger v. Upton, 91 U.S. 56, 23 L.Ed. 220; Rathbone v. Ayer, 84 App.Div. 186, 82 N.Y.S. 235. On the other hand, if it runs only to the creditors, as the appellants contend, the trustee never had any right to collect an assessment, Breck v. Brewster, 153 App.Div. 800, 138 N.Y.S. 821; and payment thereof to him was made under a mistake of law. The by-law substantially repeats the words of section 207 of chapter 655, Laws of 1918. Section 207 was repealed by section 140 of chapter 231, Laws of 1926, Co-operative Corporations Law N.Y., Consol.Laws, c. 77; but was reenacted as section 69 of said chapter 231. But section 69 was amended by chapter 607, Laws of 1926. By this amendment it is plain that the liability of members of a cooperative corporation runs to creditors. Whether section 207 of the 1918 Act should be similarly construed or whether it created a liability to the corporation which survived the 1926 legislation does not appear to have been clearly determined by any state decision. So far as we can see none of the cases cited by counsel throws light upon the question. It is a question of local statutory construction which this court would hesitate to decide unless essential to disposition of the case. It is not essential to the present appeal. Therefore, we shall assume without decision, in favor of the appellants, that the liability described in the by-law ran only to creditors, and that the right to enforce it by suit was not vested in the bankrupt's trustee; consequently, the appellants made their payments under a mistake of law as to the trustee's legal right to collect.

■■■■ Nevertheless it does not follow that they are entitled to a return of the sums paid. A claim for restitution of money paid by mistake is a type of the broader cause of action for money had and received, a remedy which is equitable in origin and function; hence the claimant to prevail must show that it is contrary to equity and good conscience to permit the recipient to retain it. See Atlantic Coast Line R. Co. v. Florida, 295 U.S. 301, 309, 55 S.Ct. 713, 79 L. Ed. 1451; Stone v. White, 301 U.S. 532, 535, 57 S.Ct. 851, 81 L.Ed. 1265; Schank v. Schuchman, 212 N.Y. 352, 358, 106 N.E. 127. By hypothesis the payments made by the appellants were owed to the creditors of the Association instead of its trustee in bankruptcy. Had they been paid directly to a creditor under a mistake of law, it is clear that he could retain the money. Am. L.Inst., Restitution, § 60, Illustration 3; Board of Supervisors of Delaware County v. Foote, 9 Hun 527. Payment to the trustee in bankruptcy is in effect payment to an agent of the creditors, since he will be required to apply it for their benefit. Hence there is no inequity in letting him retain it. Nor is the appellants' position bettered by the fact that they paid a debt against which the statute of limitations might have been pleaded. Am.L.Inst., Restitution, § 61; Kelly Asphalt Block Co. v. Brooklyn Alcatraz Asphalt Co., 190 App. Div. 750, 758, 180 N.Y.S. 805, modified on another ground, 232 N.Y. 304, 133 N.E. 899. It is true that this results in making those who were the most complaisant carry the burden, while those who were recalcitrant escape. But there is no injustice on the part of the creditors in keeping what was due from the appellants, even though delay in pressing their claims has precluded collection from other members. Failure to collect from the latter has not injured the appellants; the sums they paid to satisfy their own liability have not thereby been increased. For the foregoing reasons we think it plain that the appellants have no equitable right to get back the payments made by them, even on the assumption that they paid under a mistake of law. Accordingly the order is affirmed.

[2] "This is to Certify that ———— is a member of the South Shore Co-Operative Association, Inc. The limit of liability of a member is One Hundred Dollars ($100.00). This certificate is not transferable."