LESLIE A. HUNTINGTON, as Trustee in Bankruptcy of the SOUTH SHORE CO-OPERATIVE ASSOCIATION, INC., Appellant, v. HENRY WALDORFF, Respondent.— Judgment modified on the law by striking out the second ordering paragraph thereof relating to the defendant's counterclaim and inserting a provision dismissing the counterclaim and as so modified affirmed, without costs of this appeal to either party. Memorandum: No action is maintainable by the trustee in bankruptcy to recover on the basis of the liability which by a by-law of the bankrupt was imposed upon stockholders in favor of creditors. This obligation which was imposed in the language of section 207 of the Membership Corporations Law, since repealed and now re-enacted with modification in section 69 of Co-operative Corporations Law, provided for a liability enforceable only by creditors. (*Mandell* v. *Cole*, 244 N. Y. 221; *Breck* v. *Brewster*, 153 App. Div. 800; *Gilbert Paper Co.* v. *Prankard*, 204 id. 83; *Lang* v. *Lutz*, 180 N. Y. 254.) We are not required, therefore, to determine whether the by-law in question survives the repeal of section 207 of the Membership Corporations Law by chapter 231 of the Laws of 1926. *Rathbone* v. *Ayer, No. 2* (84 App. Div. 186), is distinguishable inasmuch as the action in that case was not based upon section 54 of the Stock Corporation Law (as amd. by Laws of 1892, chap. 688), now embodied in section 70 of the Stock Corporation Law, but upon the contract of subscription given by the defendant to the corporation. We dismiss the counterclaim for restitution on the ground that such a cause of action is equitable in nature and the counterclaim is without merit in equity inasmuch as the trustee would apply the payment to the very persons who

as creditors have a cause of action under the provisions of the corporation's by-law or if that is no longer effective under the provisions of section 69 of the Co-operative Corporations Law, re-enacting with amendment the provisions of section 207 of the Membership Corporations Law. (*Matter of South Shore Co-operative Association, Inc.*, 103 F. [2d] 336.) All concur. (The judgment is for defendant in an action to recover an assessment on a membership association.) Present — Sears, P. J., Lewis, Cunningham, Taylor and Dowling, JJ.